Per Curiam.

Asserting that he was denied a speedy trial in violation of CPL 30.20 and the Sixth Amendment of the United States Constitution, defendant appealed from an order of the Appellate Division rejecting his claim. His indictment was returned on September 30, 1968, to which he pleaded not guilty. Following his release on bail, he was arrested and convicted in New Jérsey and was not returned by the New York authorities until June 25, 1972.
Because the evidence was unclear as to when the New York authorities first had knowledge of the incarceration in New Jersey, this court withheld determination of the appeal and the case was remitted to Supreme Court, Bronx County, for the presentation of documentary evidence pertaining to the knowledge of the New York authorities of defendant’s incarceration in New Jersey and the efforts of the police and prosecutorial authorities to secure defendant’s presence in New York, following notice of his status (People v McLaurin, 38 NY2d 123). Since that time an appropriate hearing has been held and it is now clearly established that on June 20, 1969 the New York authorities were advised that defendant was being held in the New Jersey State prison (where he remained until June 25, 1972) and New York was specifically requested to advise the New Jersey prison authorities by three *588 communications dated June 18, 1969 whether New York would extradite defendant.
In these circumstances where New York knew of defendant’s whereabouts and availability for over three years, we are required to hold that defendant’s right to a speedy trial was violated (People v Briggs, 38 NY2d 319; People v McLaurin, supra; People v Winfrey, 20 NY2d 138).
The order of the Appellate Division should be reversed and the indictment dismissed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in Per Curiam opinion.
Order reversed, etc.