Wachtler, J.
In each of these cases the defendants moved to dismiss the indictment on speedy trial grounds, claiming that the People were not ready for trial within six months of the commencement of the criminal action (CPL 30.30, subd 1, par [a]). The People did not dispute the facts alleged in the defendants’ motion papers. Instead they consented to a hearing.
CPL 210.45 (subd 4, par [c]) provides that "The court must grant the motion without conducting a hearing if * * * [t]he sworn allegations of fact essential to support the motion are either conceded by the people to be true or are conclusively substantiated by unquestionable documentary proof.” The trial court dismissed the indictments without a hearing holding that "the failure of the People to raise an issue of fact in their answering papers is tantamount to a concession on their part as to the truth of the allegations of the moving papers.”
On this appeal the People claim that the court erred in dismissing the indictments without a hearing because the People had not expressly conceded the facts alleged by the defendants. They have also informed us that it is, or was, the accepted practice in Westchester County for the court to conduct a hearing under these circumstances.
It is fundamental that a motion may be decided without a hearing unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue (see, e.g., CPLR 2218). Nevertheless the People conclude that CPL 210.45 (subd 4) establishes a new and unusual procedure. In their view the statute should be *216 literally read so as to preclude the court from summarily granting the motion to dismiss unless the facts are expressly conceded by the People to be true, arguing that a failure on the part of the People to controvert is not necessarily to be deemed a concession under the statute. They surmise that this unusual procedure may be occasioned by the fact that to grant the motion would be to abort the prosecution at the threshold.
It should be noted that this statutory procedure is not peculiar to motions to dismiss. The same standard applies in those sections dealing with motions to suppress (CPL 710.60, subd 2, par [b]), motions to set aside a verdict (CPL 330.40, subd 2, par [d]) and motions to vacate a judgment or set aside a sentence (CPL 440.30, subd 3, par [c]X In short it is the standard procedure to be followed in connection with nearly every pretrial and posttrial motion made in a criminal action.
The prosecution’s "literal” interpretation of the statutory language could have a catastrophic effect on motion practice in all criminal cases. The court’s power to grant motions on the papers will be virtually abolished. Even though the facts alleged warrant the relief sought, even though there is no factual dispute presented in the papers, and even though the prosecutor’s case may be hopelessly lost, the court must hold a hearing before granting the motion if the prosecutor decides that he will not expressly concede the facts alleged. No statute should be interpreted that literally.
Obviously it is not the statutory language but the prosecution’s interpretation of it which is unusual. Normally what is not disputed is deemed to be conceded. Generally a party opposing a motion cannot arbitrarily demand a hearing to conduct a fishing expedition. The courts should not assume that the Legislature intended to establish such a useless and wasteful procedure.
There is a special irony in the position taken by the prosecution in this case. Several years ago in People v Ganci (27 NY2d 418), a speedy trial case, this court undertook an extended statistical analysis of court congestion and concluded that hearings "consume substantial amounts of time and contribute to the delays in processing criminal cases” (People v Ganci, supra, p 426). We noted that the problem was of such magnitude that drastic measures should be adopted to cut back on the amount of time consumed by these collateral proceedings. In fact it was suggested that "in view of the growing crisis caused by congested criminal calendars, redupli *217 cated hearings before the Judge, and then before the Judge and the jury, on similar proof, is a procedural luxury” which should be abolished (People v Ganci, supra at p 425).
Following Ganci, the Administrative Board of the Judicial Conference promulgated a series of rules, to become effective May 1, 1972, providing specific time-period definitions of a speedy trial (Rules, Administrative Board of Judicial Council, §§ 29.1-29.27; 22 NYCRR 29.1-29.7). These rules were almost absolute in nature. As long as the defendant himself was not responsible for the delay, the court was required to dismiss the indictment "if the cause has not been brought to trial within” the prescribed periods (Rules, Administrative Board of Judicial Council, §§ 29.1, 29.2). Before the effective date of these rules and in order to ameliorate their somehwat harsh results, the Legislature enacted the speedy trial provisions of the Criminal Procedure Law (CPL 30.30). While the statute also sets time limitations, it calls for dismissal of the indictment only "where the People are not ready for trial within” the applicable period (CPL 30.30, subds 1, 2). Thus, under the statute the People can avoid dismissal through diligence and lack of fault on their part for the delay, whereas under the Administrative Board rules the dismissal was automatic as long as the defendant had not caused the delay.
Today the prosecution has asked us to come full circle. In addition to the benefits received by the enactment of CPL 30.30, they now seek a rule that there must be hearings on speedy trial motions, even though the answering papers do not present a factual dispute for the court to resolve. They apparently assume that the Legislature intended that they have the final option of demanding a hearing, by inaction, even though they may realize that the facts alleged are accurate. This is a procedural luxury of the purest sort.
There is no indication in the history of these statutes that the Legislature ever intended to establish such a new and unusual motion practice in criminal cases. In the absence of any indication to the contrary we should interpret the statutory language in light of traditional procedures. Generally hearings are not available merely for the asking. We therefore hold that the court may summarily grant a motion to dismiss unless the papers submitted by the prosecutor show that there is a factual dispute which must be resolved at a hearing. That is not to say that the opposition papers need be as detailed as they would have to be to defeat a motion for summary *218 judgment. Indeed, there may well be instances when the information alleged may be solely within the knowledge or possession of the defendant or based upon information and belief, as is permitted by the statute, so that in opposing the motion the prosecutor could simply ask the court to put the defendant to his proof. But in the cases now before us, where the facts alleged were available to both sides, there was no issue raised, by contradiction or avoidance, and therefore no need for a hearing.
In these cases, however, since it appears that a contrary practice prevailed, or was tolerated, in Westchester County, the People should be given an opportunity to submit additional papers on the motions. In both of these cases the People have tendered certain facts in the briefs in an effort to show that they might be able to explain the delay. In the Frazier case they claim that the defendant had absconded and apparently could not be located. This would seem to warrant a hearing. In the Gruden case however the facts alleged do not appear to be sufficient to defeat the motion even if they were established at a hearing. If that is all the People would have to offer upon remission, there would be no need for a hearing and the indictment was properly dismissed.
The orders of the Appellate Division should be modified and the cases remitted to County Court, Westchester County, to permit the People to submit whatever papers they may deem appropriate in accordance with the above opinion and, as so modified, affirmed.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Fuchsberg and Cooke concur.
In each case: Order modified and case remitted to County Court, Westchester County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.