■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES FLOYD, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered March 16, 1977, convicting him of attempted assault in the second degree, upon his plea of guilty, and imposing sentence. That sentence has since been served. Judgment reversed, on the law, indictment dismissed, and case remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. Assuming, *arguendo,* that the delay between the filing of the felony complaint herein (on Nov. 28, 1975) and the conclusion of the felony hearing (on Feb. 6, 1976) may be disregarded in its entirety (see *People v Goodman,* 41 NY2d 888), we believe that the unexplained delay of more than six months between the time that defendant was held for the action of a Grand Jury and the return of the indictment operated to deprive him of his right to a speedy trial (see CPL 30.30, subd 1, par [a]; *People v Sturgis,* 38 NY2d 625). Since the operative facts have not been denied by the People, and since they have not even requested this court to order a hearing in the event of a reversal on this ground, we believe that no useful purpose would be served by remanding the matter for a hearing in accordance with CPL 210.45 (see *People v Gruden,* 42 NY2d 214, 217; see, also, *People v Swinton,* 52 AD2d 561, 562). Unlike the situation in *Gruden (supra),* there has been no showing on this record that the practice which prevailed in Queens County during the period in question was the same or similar to that which prevailed in Westchester County during the time period involved therein (see *People v Gruden, supra,* p 218). Latham, J. P., Rabin, Gulotta and Margett, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEANETTE GETER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 15, 1976, convicting her of possession of a weapon in the third degree and possession of gambling records in the second degree, upon her plea of guilty, and imposing sentence. Judgment affirmed. We have reviewed the record and agree with appellant's assigned counsel that there are no meritorious grounds which could be raised on this appeal. Counsel's application for leave to withdraw as counsel is granted (see *Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631). Damiani, J. P., Suozzi, Rabin and Shapiro, JJ., concur.