■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v VALERIE WEAVER, Respondent.—Order unanimously reversed and matter remitted to Supreme Court, Erie County, Kasler, J., for further proceedings in accordance with the following memorandum: The People appeal from an order granting defendant's motion pursuant to CPL 710.60 to suppress evidence of certain statements made by defendant to the police. The People submitted an answering affidavit stating that the allegations pertaining to the taking of the statement were controverted. On the argument of the motion, the Assistant District Attorney advised the court that the allegations in the moving affidavit were denied and requested a short adjournment for the purpose of obtaining and filing an additional answering affidavit of a policeman who was present when the statements were obtained. The court denied the request for the adjournment and granted the motion without a hearing, relying on *People v Gruden* (42 NY2d 214). This was error. Under CPL 710.60 (subd 2), the court must summarily grant the motion to suppress evidence if the People concede the truth of the allegations in the moving affidavit (CPL 710.60, subd 2, par [a]) or stipulate that the evidence sought to be suppressed will not be offered against the defendant (CPL 710.60, subd 2, par [b]). Here the People did neither and the court was bound to conduct a hearing (CPL 710.60, subd 4). *People v Gruden (supra)* is not controlling inasmuch as the motions in *Gruden* were motions to dismiss under CPL 210.45 and not motions to suppress under CPL 710.60. Moreover, in *Gruden,* unlike the case at bar, the facts alleged in the moving papers were not disputed. The matter is remitted for a hearing on the motion. (Appeal from order of Erie Supreme Court—motion to suppress.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.

■ In the Matter of ARNOLD PARK ASSOCIATION et al., Appellants, v LOUIS N. KASH, as Corporation Counsel of the City of Rochester, et al., Respondents.—Judgment unanimously affirmed, without costs. Memorandum: We affirm the judgment of Special Term because the proceeding was not timely instituted by the residents, and we review and determine no other issue. (Appeal from judgment of Monroe Supreme Court—art 78.) Present—Cardamone, J. P., Dillon, Hancock, Jr., Schnepp and Witmer, JJ.