■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DONALD SMITH, Respondent. — Appeal from an order of the County Court of Rensselaer County, entered April 30, 1980, which granted defendant's motion to dismiss the indictment. The instant criminal action was commenced by the filing of an indictment on June 20, 1979 charging defendant with third degree grand larceny and fraudulently obtaining public assistance (Social Services Law, § 145, subd 1). Six months and 15 days later, on January 4, 1980, the prosecution gave notice it was ready for trial. Defendant subsequently moved pursuant to CPL 210.20 (subd 1, par [g]) for dismissal of the indictment on the ground he had been denied the right to a speedy trial guaranteed by CPL 30.30. Based upon the affidavits and exhibits submitted to it, the trial court granted his application and this appeal by the prosecution ensued. An application to dismiss an indictment based on a claimed violation of the speedy trial requirements of CPL 30.30 may not be granted without a hearing unless "The sworn allegations of fact essential to support the motion are either conceded * * * or are conclusively substantiated by unquestionable documentary proof" (CPL 210.45, subd 4, par [c]; subd 6; cf. *People v Gruden,* 42 NY2d 214). Neither condition was met here and, therefore, it was error for the trial court to summarily resolve the legal questions presented in defendant's favor. Although the prosecution tacitly acknowledged that it was not ready for trial within six months after the indictment was filed (CPL 30.30,

subd 1, par [a]), the affidavits submitted in opposition to defendant's motion claimed two exclusions from that limitation: the period of delay resulting from defendant's absence when his location was unknown and could not be determined by due diligence (CPL 30.30, subd 4, par [c]) and, thereafter, the period during which he was without counsel through no fault of the court (CPL 30.30, subd 4, par [f]). While the burden of proving statutory exclusions rests on the prosecution (cf. *People v Dean,* 45 NY2d 651; *People v Washington,* 43 NY2d 772; *People v Gruden,* 42 NY2d 214, *supra),* the instant assertions were plainly sufficient on their face to controvert defendant's application in the first instance. In reply, defendant offered a change of address form he filed with postal authorities and a letter by his former attorney seeking to withdraw from the case. Such documents, however, are not conclusive. The former merely tends to establish that a change in residence occurred. It does not prove defendant's actual location or negate the very real possibility that there was some justifiable delay in ascertaining his whereabouts. The latter gives no indication of the sequence followed by the trial court. While it is technically accurate to say that until new counsel was appointed defendant was not without an attorney, we do not read the statute in such a narrow fashion. Whether a change in representation is prompted by the accused or by the attorney, the fact remains that a trial will only take place when the matter is settled. Fault attributable to the court in obtaining counsel for a defendant is not excludable, but some period of time might necessarily elapse in the appointment process which should not, in fairness, be charged against the prosecution. Since many of the pertinent circumstances surrounding the claimed exclusions were unknown, the issues should not have been determined in the absence of a factual hearing. Thus, while the ultimate result may remain unchanged, we withhold decision of this appeal and remit the matter to the trial court for further development of the record (see *People v Berkowitz,* 50 NY2d 333, 349; *People v Gruden,* 42 NY2d 214, *supra; People v McLaurin,* 38 NY2d 586). Decision withheld, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent herewith. Kane, J.P., Mikoll and Yesawich, Jr., JJ., concur.

Main and Weiss, JJ., dissent and vote to affirm in the following memorandum by Main, J. Main, J. (dissenting). We respectfully dissent. On this appeal, the prosecution seeks the reinstatement of the indictment against defendant, and although it concedes that it was not ready for trial within six months after the indictment was filed as required by CPL 30.30 (subd 1, par [a]), it argues that the periods between June 20, 1979 and November 27, 1979 and between December 13, 1979 and January 2, 1980 should be excluded from the permitted six-month period under CPL 30.30 (subd 4), so as to negate defendant's contention that he was entitled to a dismissal of the indictment. Upon the uncontested facts in the present record, however, it is clearly established that the delays during each of these periods were neither caused by defendant nor due to circumstances beyond the prosecutor's control and, therefore, the dismissal of the indictment should be sustained. As for the period from defendant's indictment on June 20, 1979 until his arrest on November 27, 1979, a perusal of the record establishes that during this time defendant lived openly in the City of Troy at an address known to the Troy Police Department until September of 1979 at which time he moved to new living quarters in the City of Troy and gave the post office notice of his change of address. Additionally, even though he had been indicted for fraudulently obtaining public assistance, he applied for and became a recipient of public assistance once again in Rensselaer County during September of 1979. Despite this open manner of living by defendant and the absence of any evidence that he attempted to flee the area or otherwise conceal his whereabouts so as to avoid prosecution, he was never apprehended and arrested by

the police until November 27, 1979 after a police officer who knew his whereabouts accidently happened to see his name in the warrant book. Prior to this fortuitous discovery of his name in the warrant book, the police efforts to locate defendant could only be described as meager at best as they were limited to the sending of a teletype on June 22, 1979 notifying other police agencies of the arrest warrant which had been issued for defendant and a single attempt by a Troy police officer on an undisclosed date to execute the warrant at three addresses in the City of Troy. Under these circumstances, County Court was clearly justified in concluding that defendant was available during this period and that the police had not been sufficiently diligent in their efforts to locate him as required by CPL 30.30 (subd 4, par [c]), and, accordingly, the court's exercise of discretion on this issue should not be disturbed. Similarly without merit is the prosecution's remaining argument that the period from December 13, 1979 until January 2, 1980 should be excluded from the statutory six-month period because defendant was without counsel during that time (see CPL 30.30, subd 4, par [f]). While defendant's original counsel sought leave to withdraw from the case on December 13, 1979, new counsel was not appointed until January 2, 1980, and the delay in making the appointment, which obviously could not be charged to defendant, has not been explained in any way. Significantly, it must also be remembered that defendant was not without counsel during the intervening period because his original counsel was not excused from the case until his withdrawal request was granted on January 2, 1980. In sum, the prosecution was admittedly not ready for trial within the time period mandated by statute, and the alleged periods of delay in question were plainly not caused by defendant and must be attributed to the People. That being so, the court's dismissal of the indictment should be affirmed (cf. *People v Brothers,* 50 NY2d 413). Lastly, it should also be pointed out that the majority's reliance on *People v Gruden* (42 NY2d 214) is clearly misplaced. In that decision, the Court of Appeals expressly stated that the People are not entitled to a hearing on a motion to dismiss under CPL 30.30 when, as here, their answering papers do not present a factual issue which must be judicially resolved. As the court pointedly noted, the prosecution should not by its inaction be rewarded with a final option of demanding a hearing as this would be a "procedural luxury of the purest sort" *(People v Gruden, supra,* p 217). The order should be affirmed.