OPINION OF THE COURT
Irving Lang, J.
Acknowledging that in 1977 she failed to appear to stand trial on narcotics indictments in Bronx County, the defendant nonetheless claims that her speedy trial rights were violated because the People failed to act when she was arrested in Manhattan in 1981 and subsequently placed on probation. To put it in another fashion, “Should the accused go free because the computer has blundered?”
THE FACTS
In October of 1976 the defendant was indicted in Bronx County on two drug related indictments. She was arraigned on both indictments in Part 12 of the Bronx Supreme Court in November of 1976 and pleaded not guilty.
In May of 1977 the defendant failed to appear in court and bench warrants were issued for her arrest.
In 1981, while the warrants were still outstanding, she was arrested in New York County on narcotic charges. She pleaded guilty in New York County Supreme Court and was placed on probation. She failed to report to the Probation Department and a warrant was served for her arrest in January of 1983.
*613 On May 16, 1984, seven years after she voluntarily absented herself from the jurisdiction of this court, the defendant was returned on the warrants. On May 22,1984, the instant motion was filed.
THE CONTENTION
It is the claim of the defendant that her rights under GPL 30.20 and 30.30 as well as her due process rights under the Federal and State Constitutions were violated. (People v Osgood, 52 NY2d 37; Klopfer v North Carolina, 386 US 213; Barker v Wingo, 407 US 514; People v Taranovich, 37 NY2d 442.)
While conceding that the defendant absented herself from this jurisdiction, the defendant asserts that “no diligent efforts were made to locate the defendant, Margie Velez, when the people knew or should have known that she was in custody in Manhattan in 1981 and subsequently placed on probation.” (Emphasis supplied.) The defendant asserts that upon her rearrest in 1981 “it was incumbent upon the people to produce her on these Bronx matters. Failure to do so has resulted in. substantial impairment of her defense.”
To support her contention, defendant relies on People v McLaurin (38 NY2d 123, decision after remand 38 NY2d 586). In that case the defendant was arrested in 1968 and released on bail. Following his release on bail he was arrested and convicted in New Jersey and was not returned to the New York authorities until June 25, 1972. The Court of Appeals held that the speedy trial rights of the defendant would not be violated if the New York authorities were aware of the defendant’s incarceration and made diligent efforts to obtain his presence at trial. “Knowledge on the part of the police department would, of course, be imputed to the District Attorney’s office.” (McLaurin, 38 NY2d 123,126, supra.) On remand it was established that the New York authorities were apprised in early June of 1969 that he was being held in New Jersey State Prison but did nothing to extradite him for over three years. In these circumstances, the Court of Appeals held that the defendant’s speedy trial rights were violated and dismissed the indictment. (McLaurin, 38 NY2d 586, 588, supra.)
*614 The facts in the instant case are far different. When the defendant was arrested in New York County in 1981 she used a different name, “Susanna Acosta”, and a different address. She was given a new fingerprint identification number in error by the New York State Identification and Intelligence System (NYSIIS). An examination of the probation report in the New York County case does not reveal the Bronx arrest. Indeed, her current (and hopefully accurate) NYSIIS report reveals the use of four aliases since her first arrest in 1967.
That the NYSIIS computers and fingerprint searches did not uncover the deception is unfortunate but computer error is an everyday occurrence in the Criminal Courts. Where the error occurs through no fault of the defendant, the government might have to bear the responsibility. (See People v Jennings, 54 NY2d 518; People v Watson, 100 AD2d 452.)
But where the error is directly attributable to the deception of the defendant, reason dictates that she bear the burden. To hold otherwise would be to place premium on deceit and fraud and would encourage other fugitives to use false names and identities to avoid responsibility for past acts.
No person should benefit from his or her own wrongdoing. No court should lend its aid to a man (or woman) who founds his cause of action upon an immoral or illegal act. (Holman v Johnson, 1 Cowp 341, 343.)
There are a number of Latin phrases which treat of the defendant’s actions.
“Ex dolo malo non oritur actio”; Out of fraud no action arises.
“Dolus et fraus nemini patrocinen derent”; Deceit and fraud shall excuse or benefit no man.
“Ab abusu ad usum non valet consequentia”; A conclusion as to the use of a thing from its abuse is invalid. (Black’s Law Dictionary [3d ed].)
In Yiddish it is called “chutepah.”
The motion to dismiss is denied.