■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL GONZALEZ, Also Known as DOMINGO VARGAS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County (Sharpe, J.), rendered March 8, 1982, convicting him of escape in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Brennan, J.), of defendant's motion to dismiss the indictment pursuant to CPL 30.30.

Judgment reversed, on the law, motion granted, indictment dismissed, and matter remitted to the Supreme Court, Queens County, for the purpose of entering an order in its discretion pursuant to CPL 160.50. No questions of fact have been raised or considered.

Defendant's trial was held more than a year after his arraignment. On the eve of trial, defendant filed a motion to dismiss the indictment on the ground that he was denied his right to a speedy trial (CPL 30.30). Criminal Term summarily

denied the motion, agreeing with the People that the motion was untimely.

Where a defendant is charged with a felony, the People must be ready for trial within six months of the commencement of the criminal action, less excludable periods (CPL 30.30 [1] [a]; [4]). Readiness for trial must be announced on the record or by written notice to the court and counsel to effectively toll the running of the statutory period *(see, People v Kendzia,* 64 NY2d 331, 337).

Initially we note that defendant's motion was not untimely since it was brought prior to the commencement of trial (CPL 210.20 [2]). Moreover, no hearing is required on such a motion "unless the papers submitted raise a factual dispute on a material point which must be resolved before the court can decide the legal issue" *(People v Gruden,* 42 NY2d 214, 215). In the case at bar the People made no substantive oral or written response to defendant's motion alleging that he had been denied his right to a speedy trial. Since more than a year had elapsed since the commencement of the action, it was incumbent upon the People to respond to the motion and indicate either that they had announced their readiness on the record within six months of its commencement, or, if not, that excludable time periods reduced the time chargeable to them to less than six months (CPL 30.30 [1] [a]; [4]). By failing to contest the allegations made by defendant in his motion, the People conceded that they were not ready for trial within the statutory period and the motion should have been summarily granted *(see, People v Gruden, supra,* at p 217). We find no proof in the record, nor any assertion in the People's brief on appeal, that the People ever did, in fact, announce their readiness to try the case prior to the date of trial. The indictment must, therefore, be dismissed. Gibbons, J. P., Thompson, Niehoff and Kunzeman, JJ., concur.