Bellacosa, J.
(dissenting). My vote to affirm this gun possession conviction is based on simply articulated differences from the majority.
I do not believe that good practice, controlling precedents or sound constitutional imperatives require a suppression hearing when a taxicab passenger asserts an insufficient legal and factual basis for recognized standing to challenge the stop of the cab or to be accorded an expectation of privacy in the contents of a zippered bag in the back passenger compartment of the cab.
Defendant alleged merely that the taxicab was stopped "despite the fact that they [the police] had no reason to believe that any of the occupants of the vehicle had committed a crime or were committing a crime at the time of the arrest” and that the police "recovered a gun from the rear passenger area of the cab”. The suppression court, with only this boilerplate language before it, denied the suppression motion without a hearing.
The specific facts and circumstances leading up to the arrest were not developed until trial. Late one evening defendant Millan and two companions were passengers in the back seat of a livery cab traveling in an area suffering from a reputation for robberies of taxicabs. Two police officers assigned to the Taxi Robbery Squad stopped the cab because they believed that the cab driver was signaling for help by a recognized technique of driving at an excessive speed and passing through a red light. As the two officers approached the cab, the passengers made "furtive” movements and one was overheard stating, "You don’t do things like that, be cool”. The police ordered the three men out of the cab and patted them down. One officer then looked in the back seat and recovered a zippered bag. When asked who owned the bag, none of the passengers responded. The bag was opened and contained a loaded semiautomatic pistol. The three men were charged with its possession.
*523 I agree that the court may not use post mortem facts developed at a trial to infuse life or legitimacy into a previously decided suppression matter (People v Gonzalez, 55 NY2d 720; see also, People v Dodt, 61 NY2d 408, 417; People v Wilkins, 65 NY2d 172, 180; People v James, 67 NY2d 662). The only relevancy in reciting these facts of the case is to show that had defendant fulfilled his pleading burden at the suppression stage, there would have been a hearing with ample facts, in my view, to deny suppression.
In People v Gruden (42 NY2d 214), this court concluded that "[generally hearings are not available merely for the asking [and] [w]e therefore hold that the court may summarily grant a motion to dismiss unless the papers submitted by the prosecutor show that there is a factual dispute which must be resolved at a hearing” (supra, at 217). In People v Weaver (49 NY2d 1012), we specifically applied the Gruden holding in the suppression context, and in People v Lomax (50 NY2d 351) we applied the legal reasoning behind Gruden’s holding to the summary denial of a defendant’s motion to dismiss without an evidentiary hearing.
Even if we assume that defendant derived standing from his meager papers to challenge the stop of a cab within which he was a passenger, the conclusory allegations contained in his omnibus motion were insufficient at the next step of analysis to establish a factual issue requiring a hearing on the merits. The defendant’s allegation that the taxicab was stopped despite the fact that no crime was being committed overlooked the totally legitimate possibility that the vehicle could have been stopped for a traffic violation based upon a very minimal factual basis supporting reasonable suspicion (People v Ingle, 36 NY2d 413, 414-415).
It is my view that a regulated vehicle on a city street, under the spare facts presented to the suppression court, may be stopped within constitutional limitations subject to standing challenge only by the driver in this case and not by all the passengers.
The majority goes further however, and again I respectfully disagree, because even if the stop were to be deemed subject to challenge by this defendant he does not automatically acquire a legitimate, recognized, reasonable expectation or entitlement to privacy to the compartment or contents in the back of that cab. I had thought that was plainly decided in the People’s favor under Rakas v Illinois (439 US 128) and sundry other *524 cases (see, e.g., United States v Salvucci, 448 US 83; People v Rodriguez, 69 NY2d 159; People v David L., 56 NY2d 698, cert denied 459 US 866; People v Hunter, 55 NY2d 930; People v Ponder, 54 NY2d 160; People v Osmond, 109 AD2d 897). The majority casts considerable doubt on these cases by failing in its effort to distinguish some of them and by ignoring others of them completely.
Finally, the majority seems to be rebelling unnecessarily against this cogent line of precedents that are delicately balanced on respect for search and seizure rights, a respect which I fully share, and on an appreciation of the reasonableness component embedded in that right. That reasonableness aspect compels my conclusion on the particular facts of this case that defendant did not do enough at the pleading outset of this prosecution to warrant a suppression hearing on standing as to the stop or the search.
The irony for the People is that had defendant done so he would surely have lost on the merits, but by holding back he successfully finesses that into an unreasonable victory at the appellate stage.
Chief Judge Wachtler and Judges Simons, Kaye and Ti-tone concur with Judge Hancock, Jr.; Judge Bellacosa dissents and votes to affirm in a separate opinion; Judge Alexander taking no part.
Order modified and case remitted to Supreme Court, New York County, for further proceedings in accordance with the opinion herein and, as so modified, affirmed.