■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JAY LETTS, Respondent.—Casey, J. P. Appeal from an order of the County Court of Clinton County (Lewis, J.), entered November 15, 1988, which granted defendant's motion to suppress evidence and dismiss the indictment.

On February 26, 1988, the State Police were alerted by an anonymous telephone call that defendant was intending to obtain a quantity of marihuana downstate and would deliver it to an individual in the Village of Keeseville, Essex County. A stakeout on the northbound lane of the Northway was arranged on February 28, 1988 and defendant's car was spotted and followed in an unmarked car. Defendant exited the Northway at exit 35, followed by the State Police. The officers allege that defendant failed to bring his vehicle to a complete stop at the stop sign at the end of the exit ramp, in violation

of Vehicle and Traffic Law § 1172 (a). Conceding before the Grand Jury that their intention was to stop defendant for a vehicle and traffic violation so as to permit a search of his vehicle "[u]nder a Supreme Court decision", Investigator John Welch admitted that defendant's car was followed 6 to 12 miles before it was stopped. When finally stopped, defendant produced his license and registration and exited the car in response to the officers' request. At this time Welch claims to have smelled a strong odor of marihuana and commenced a search of defendant's car. The search was unavailing. Welch stated that although the original odor dissipated when the car doors were opened, a different and stronger odor of marihuana was evident when he climbed into the back seat of defendant's car and seemed to be coming from the trunk. He therefore asked defendant for permission to search the trunk. Permission was refused. Welch also searched a bag that was on the front seat, looking for a gun. No gun was found in the bag.

Although the time of defendant's arrest for failure to come to a complete stop at the stop sign is unclear, it is conceded that defendant was not issued a uniform traffic ticket until he was later taken to the State Police barracks in Clinton County. Defendant's car was seized and driven there by Welch, and defendant was informed of Welch's intention to apply for a search warrant. When the warrant was issued and executed, eight pounds of marihuana were found in a suitcase in the trunk of defendant's car. Defendant was then placed under arrest on charges of criminal possession of marihuana in the second degree and criminal possession of a controlled substance in the seventh degree; he was subsequently indicted on those charges.

Without holding a suppression hearing, County Court granted defendant's motion to suppress all of the evidence obtained on the ground that the stop of defendant's vehicle for a traffic offense was a subterfuge for an arrest without probable cause. The court dismissed the indictment, holding that the evidence obtained resulted from the unlawful arrest and had to be suppressed under the doctrine of the "fruit of the poisonous tree". County Court based its determination upon its review of the minutes of the preliminary hearing and of the Grand Jury testimony.

We find this shortcut unauthorized by the provisions of CPL 710.60 and, therefore, reverse. Under CPL 710.60 (2), a motion to suppress must be summarily granted if:

"(a) The motion papers comply with the requirements of

subdivision one and the people *concede the truth of allegations of fact therein which support the motion;* or

"(b) The people stipulate that the evidence sought to be suppressed will not be offered in evidence in any criminal action or proceeding against the defendant" (emphasis supplied).

Since the People refused to concede the truth of the allegations of fact which support defendant's motion or refused to stipulate that the evidence sought to be suppressed will not be offered in evidence against defendant, CPL 710.60 (2), which contains the only provision for the summary grant of a motion to dismiss, is inapplicable. Where, as in the circumstances outlined above, such subdivision is found inapplicable, CPL 710.60 (4) requires that the court *"must* conduct a hearing" (emphasis supplied; *see, People v Weaver,* 65 AD2d 936, *affd* 49 NY2d 1012). Absent such a hearing, County Court improperly granted defendant's motion.

Order reversed, on the law, and matter remitted to the County Court of Clinton County for further proceedings not inconsistent with this court's decision. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.