People v Brady (2018 NY Slip Op 08678)





People v Brady


2018 NY Slip Op 08678


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-05533
2017-07995
 (Ind. No. 1601/14)

[*1]The People of the State of New York, appellant,
v
Terrell Brady, respondent.


Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Sarah S. Rabinowitz of counsel), for appellant.
Mark Diamond, New York, NY, for respondent.



DECISION & ORDER
Appeals by the People from (1) an order of the Supreme Court, Nassau County (Christopher G. Quinn, J.), dated April 25, 2017, which, without a hearing, granted the defendant's motion pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial, and (2), as limited by their brief, from so much of an order of the same court dated July 12, 2017, as, in effect, upon reargument, adhered to the determination in the order dated April 25, 2017.
ORDERED that the appeal from the order dated April 25, 2017, is dismissed, as that order was superseded by the order dated July 12, 2017, made, in effect, upon reargument; and it is further,
ORDERED that the order dated July 12, 2017 is reversed insofar as appealed from, on the law, upon reargument, the order dated April 25, 2017, is vacated, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
The defendant moved pursuant to CPL 30.30 to dismiss the indictment on the ground that he was deprived of his statutory right to a speedy trial. The defendant asserted that the People were chargeable with 220 days. The People argued that the majority of the time was excludable. In an order dated April 25, 2017, the Supreme Court granted the defendant's motion to dismiss the indictment, without conducting a hearing, finding that the People failed to submit "acceptable evidence" to support their assertions of excludable time.
The People moved for leave to reargue their opposition to the defendant's motion, arguing, inter alia, that they were entitled to a hearing because their submissions raised a factual dispute as to whether certain time was excludable. In an order dated July 12, 2017, the Supreme Court, in effect, upon reargument, adhered to its original determination. The People appeal.
We agree with the People that a hearing should be held to resolve factual issues related to the defendant's motion to dismiss the indictment on speedy trial grounds (see CPL 210.45). Review of the defendant's motion papers, the People's opposition papers, and the [*2]defendant's reply papers reveals that there were factual disputes as to the excludability of time from February 4, 2015, to February 8, 2015, April 17, 2015, to May 12, 2015, June 29, 2016, to November 21, 2016, and November 23, 2016, to December 5, 2016. These issues can only be properly resolved at a hearing (see CPL 210.45[5], [6]; People v Santos, 68 NY2d 859, 861-862; People v Gruden, 42 NY2d 214, 217-218; People v Cantoni, 140 AD3d 782, 786; People v Jackson, 225 AD2d 794, 795).
Accordingly, the matter must be remitted to the Supreme Court, Nassau County, for a hearing pursuant to CPL 210.45(6) and a new determination thereafter of the defendant's motion to dismiss the indictment on speedy trial grounds.
AUSTIN, J.P., ROMAN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court