People v Clark (2025 NY Slip Op 01463)

People v Clark

2025 NY Slip Op 01463

Decided on March 14, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: BANNISTER, J.P., SMITH, OGDEN, NOWAK, AND HANNAH, JJ.

72 KA 23-02080

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DIANE E. CLARK, DEFENDANT-APPELLANT. 

CAITLIN M. CONNELLY, BUFFALO, FOR DEFENDANT-APPELLANT. 
BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Steuben County Court (Philip J. Roche, J.), rendered June 20, 2023. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the case is held, the decision is reserved and the matter is remitted to Steuben County Court for further proceedings in accordance with the following memorandum: On appeal from a judgment convicting her, upon her plea of guilty, of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [7]), defendant contends that County Court erred in denying her motion to dismiss the indictment on statutory speedy trial grounds (see CPL 30.30).
Defendant was initially charged with the abovementioned crime by felony complaint on February 18, 2021, at which time grand jury proceedings in Steuben County were suspended due to the COVID-19 pandemic. On August 24, 2021, the matter was presented to a grand jury, and defendant was ultimately indicted. On August 31, 2021, the District Attorney's Office announced trial readiness via letter. Thereafter, defendant filed a CPL 30.30 motion to dismiss the indictment, contending that, although the initial accusatory instrument was filed on February 18, 2021, grand jury proceedings resumed in Steuben County on February 23, 2021. Defendant argued that, while no time was chargeable to the People between February 18, 2021 and February 22, 2021, given the suspension of grand jury presentations, 189 days were chargeable to the People, i.e., from February 23, 2021 until the People announced readiness via letter on August 31, 2021. Defendant claimed that, during that period of time, no warrants were issued for her arrest and she did not request any pre-indictment adjournments.
The People opposed defendant's motion with a two-page attorney affirmation. The People argued that they had extended a plea offer to defendant on July 16, 2021, and insofar as defendant "was considering that offer" from July 16, 2021 until the case was handed up by the grand jury on August 31, 2021, the People are not chargeable with that period of time. The People further argued, in the alternative, that defendant missed a pretrial appearance on August 6, 2021, and thus the time from August 6, 2021 to August 31, 2021 was not chargeable to them pursuant to CPL 30.30 (4) (c) (i).
The court denied defendant's motion in a written decision and order, without holding a hearing or entertaining oral argument on the motion. The court determined that the People should be charged with the time between July 16, 2021 and August 31, 2021. In so doing, the court rejected the People's contention that such period of time was not chargeable to the People because defendant was considering the plea offer, but did not address the People's alternative argument that the time period between August 6, 2021 and August 31, 2021 should be excluded based upon defendant's non-appearance. Nevertheless, the court conducted its own investigation and reviewed documents not submitted by either party and determined, sua sponte, that defendant had requested an adjournment of 13 days, from February 18, 2021 to March 3, 2021 to obtain [*2]counsel, and another adjournment of 28 days, from April 21, 2021 to May 19, 2021 due to transportation issues. The court concluded that such time was not chargeable to the People, that 41 days were thus excludable, and that, inasmuch as 194 days had elapsed between the date the felony complaint was filed on February 18, 2021 and the date the People announced their readiness on August 31, 2021, only 153 days were chargeable to the People. None of the documents the court purported to rely upon in making its sua sponte determination are contained in the record on appeal.
We agree with defendant that the court erred in failing to hold a hearing, in conducting its own sua sponte investigation, and in excluding time not advocated for by the People in opposition to defendant's CPL 30.30 motion. "Where, as here, a felony is included in [the accusatory instrument], the People must be ready for trial within six months, after subtracting excludable time" (People v Barden, 27 NY3d 550, 553 [2016]; see CPL 30.30 [1] [a]). "The statutory period is calculated by 'computing the time elapsed between the filing of the first accusatory instrument and the People's declaration of readiness, subtracting any periods of delay that are excludable under the terms of the statute and then adding to the result any postreadiness periods of delay that are actually attributable to the People and are ineligible for an exclusion' " (People v Barnett, 158 AD3d 1279, 1280 [4th Dept 2018], lv denied 31 NY3d 1078 [2018], quoting People v Cortes, 80 NY2d 201, 208 [1992], rearg denied 81 NY2d 1068 [1993]).
On a CPL 30.30 motion, it is well settled that, "once a defendant [accused of a felony] has shown the existence of an unexcused delay greater than . . . six months, the burden of showing that time should be excluded falls upon the People" (People v Santos, 68 NY2d 859, 861 [1986]; see CPL 30.30 [1] [a]; Barden, 27 NY3d at 553). "Where the papers submitted by the prosecutor show that there is a factual dispute, there must be a hearing" (Santos, 68 NY2d at 861, citing People v Gruden, 42 NY2d 214, 217 [1977]). The determination whether time is excludable "is one which must be made following an adversarial proceeding at which the defendant has an adequate opportunity to contend that the time is not excludable. It may not be made by the court acting sua sponte and in the absence of the parties" (People v Berkowitz, 50 NY2d 333, 349 [1980] [emphasis added]).
Here, defendant correctly contends, and the People do not dispute, that defendant met her initial burden on her motion by providing sworn allegations that there was an unexcused delay of 189 days, in excess of the statutory maximum. Thus, the burden shifted to the People to show that time should be excluded (see Santos, 68 NY2d at 861). As noted above, the People raised two arguments in response, i.e., that the entire period from July 16, 2021 to August 31, 2021 was not chargeable to the People because defendant was "considering" the People's plea offer, and that, in the alternative, the time from August 6, 2021 to August 31, 2021 was also not chargeable to the People pursuant to CPL 30.30 (4) (c) (i) because defendant missed a pretrial appearance on August 6, 2021. Inasmuch as the People raised a factual dispute in its opposition papers, the court erred in failing to hold an adversarial hearing with respect thereto (see CPL 210.45 [6]; Gruden, 42 NY2d at 217). We therefore hold the case, reserve decision, and remit the matter to County Court for a hearing on the disputed time periods raised by the People in their opposition papers, i.e., July 16, 2021 to August 31, 2021 and August 6, 2021 to August 31, 2021 (see Gruden, 42 NY2d at 217).
We note that, on remittal, the hearing should not include argument regarding the time periods that were not advanced by the People in their opposition papers but were sua sponte excluded by the court, i.e., the period from February 18, 2021 to March 3, 2021 and the period from April 21, 2021 to May 19, 2021. As set forth above, once defendant met her initial burden on her motion, "the burden of showing that time should be excluded f[ell] upon the People" (Santos, 68 NY2d at 861), and we conclude that the hearing should therefore be limited to the "factual dispute [raised in the People's] opposition papers" (Gruden, 42 NY2d at 217; see Berkowitz, 50 NY2d at 349).
Entered: March 14, 2025
Ann Dillon Flynn
Clerk of the Court