ARTHUR KLEIN, on Behalf of Himself and All Other Stockholders of Compania Azúcarera Vertientes-Camaguey de Cuba, Similarly Situated, Respondent, *v.* COMPANIA AZUCARERA VERTIENTES-CAMAGUEY DE CUBA, Appellant, et al., Defendants.

First Department, October 3, 1967.

*John A. Guzzetta* of counsel (*Simpson Thacher & Bartlett*, attorneys), for appellant.

*Jack E. Hollenberg* of counsel (*William Rosenfeld, Tompkins & Lauren*, attorneys), for respondent.

McNALLY, J.   Defendant appeals from the order herein denying its motion for summary judgment dismissing the amended complaint.   The original action, instituted April 25, 1961, was one to compel payment of a dividend of $1 per share to the nonresident stockholders of defendant Compania Azucarera Vertientes-Camaguey de Cuba (CAV), a Cuban corporation, out of funds in the possession of the defendant receiver.   Said action was consequent on an action instituted during August, 1960 in the Supreme Court, Kings County, entitled *Schwartz* v. *Compania Azucarera Vertientes-Camaguey de Cuba* to liquidate the assets of CAV.   In the *Schwartz* action, the defendant Sabbatino was appointed temporary receiver of CAV.   On August 23, 1960, the order appointing Sabbatino as receiver was served on CAV.   In response thereto, on October 14, 1960, CAV delivered to the receiver United States Treasury notes in the amount of $2,558,000.

Plaintiff was stayed May 24, 1961, from prosecuting this action pending determination of the *Schwartz* action previously commenced. The *Schwartz* action was dismissed and the receivership terminated October 31, 1962.   An order was made in the *Schwartz* action on January 22, 1963, directing restoration to CAV of approximately $2,350,000 and reserving $522,000 for receiver's commissions and administration expenses.   On February 21, 1963, CAV paid the dividend involved to stockholders residing outside of Cuba.   CAV paid the receiver $58,860, and his attorneys $85,000, in addition to expenses of $201, by direc-

tion of the court. The said expenses in the sum of $144,061 do not include legal fees of $265,000 paid by CAV for services in successfully defending the receivership action.

On March 19, 1963, within one month of the payment of the dividend, the amended complaint was served. It seeks the determination and payment to the stockholders outside of Cuba of interest on the dividend paid February 21, 1963, alleged to have accrued from December 10, 1959, to February 21, 1963.

The total value of the property of CAV possessed by the receiver was $2,809,768.65. The dividend payment was in the sum of $1,225,381.24. The interest received by the receiver for the period August, 1960 through February, 1963 was $157,129.57. The dividend payment represents about 44% of the total assets in the receiver's possession. The same percentage of the interest earned is about $69,000.

The amended complaint alleges the dividend was voted by the board of directors of CAV on October 10, 1959, payable on December 10, 1959, to stockholders of record as of November 4, 1959. It further alleges that the sum of $1,225,381.24, the total of the declared dividend, between August 18 and August 23, 1960, had been duly segregated by the board for the payment of the dividend, and that the payment had been frustrated by the service on CAV on August 23, 1960, of the order in the *Schwartz* action appointing defendant Sabbatino temporary receiver of the assets of CAV. The original action was one to compel the payment of the dividend out of the assets of CAV in the possession of the temporary receiver. The original action did not include a demand for interest. Payment of the dividend preceded the amended complaint, which is limited to and for the first time asserts the claim for interest.

Special Term denied defendant's motion for summary judgment on the ground that it was impliedly denied by another Justice before whom plaintiff had moved for summary judgment against defendant CAV. On plaintiff's motion for summary judgment, defendant did not cross-move for summary judgment dismissing the amended complaint. However, on oral argument and in papers submitted on plaintiff's motion, CAV did request that the amended complaint be dismissed.

CPLR 3212 (subd. [b]) provides, in part: " If it shall appear that any party other than the moving party is entitled to a summary judgment, the court may grant such judgment without the necessity of a cross-motion." Thereby, the formality of a cross motion is dispensed with. In the present circumstances, where the nonmoving party expressly requested summary judgment, it became incumbent on the court to make a disposition

thereof as if a cross motion had been made. The request is the equivalent of the cross motion requiring a definitive disposition by order. (See CPLR 2211.) Where the opposing party does not request summary judgment, the court in its discretion may, nevertheless, grant the relief if the facts are undisputed and the opposing party is entitled to the relief as a matter of law. (See *Jelinek* v. *City of New York,* 25 A D 2d 425.) Special Term properly referred defendant's motion for summary judgment to the Justice who had decided plaintiff's motion for similar relief. That Justice had failed to pass on defendant's request for summary judgment and its motion therefor is simply an amplification of the request for the same relief made in response to plaintiff's motion. It was incumbent on the Justice to whom the matter was referred to accept and dispose of defendant's motion. Neither the order made nor the opinion rendered on plaintiff's motion treated with defendant's request. The denial of plaintiff's motion does not support the implication of a denial of defendant's request. In the circumstances, in the interest of justice, and to avoid circuity of action, we proceed to the merits of defendant's request and motion for summary judgment.

The gravamen of plaintiff's claim is that the dividend fund was segregated and the stockholders, other than Cuban residents, are entitled not only to the corpus but, in addition, the income or interest earned thereon.

It was not and cannot be urged that CAV refused to pay the dividend. The record is to the contrary. The board of directors of CAV declared the dividend on October 19, 1959, to stockholders of record on November 4, 1959, payable December 10, 1959. Cuban stockholders were paid the dividend in pesos on December 10, 1959. CAV established a bank account in the Havana branch of the First National City Bank of New York for the payment of the dividend to non-Cuban stockholders. On October 20, 1959, and thereafter CAV unsuccessfully sought to obtain the consent of Cuban authorities to obtain the necessary dollar exchange to pay the dividend. On August 6, 1960, the Cuban Government confiscated without compensation the property, including bank accounts, of CAV in Cuba. CAV thereafter, through a wholly-owned subsidiary, accumulated in the United States the proceeds of sugar sales in the approximate sum of $2,575,000. On August 18, 1960, the directors of CAV in New York authorized the payment of the dividend. Arrangements were made with Manufacturers Trust Company for the payment of the dividend. On August 22, 1960, Manufacturers Trust Company had the dividend checks prepared ready to mail to non-Cuban stockholders upon receipt of the funds therefor. On August 23, 1960, the president

of CAV withdrew $2,579,000 of Treasury bills with the intention of delivering $1,250,000 to Manufacturers Trust Company to fund the dividend. On the same day, CAV was served with a restraining order in the *Schwartz* action. In compliance with said order, CAV turned over the Treasury bills to the temporary receiver. CAV unsuccessfully moved in the *Schwartz* action for an order directing the temporary receiver to pay over to Manufacturers Trust Company funds sufficient to permit payment of the dividend. The *Schwartz* action was successfully defended by CAV. The temporary receiver refunded the bulk of its assets to CAV on January 24, 1963. Thereafter, on February 21, 1963, CAV paid the dividend. The facts conclusively establish there was no refusal to pay the dividend; CAV made every effort to pay it and its payment was frustrated by circumstances and events beyond its control.

If it be assumed, as plaintiff contends, there was a segregation of the dividend fund, and that plaintiff is equitably entitled to the fund and the earnings of the fund, plaintiff has failed to establish that CAV has retained any portion thereof. It is not suggested that interest is to be imposed because of any negligence or dereliction on the part of CAV. Rather, it is plaintiff's claim that the fund earned interest rightfully belonging to the stockholders entitled to receive the fund. This contention ignores the reality of expenses incurred and paid by CAV solely for the purpose of protecting the integrity of the fund and making it available for payment of the dividend. Said expenses exceed the amount of interest reasonably allocable to the fund, with the consequence that the fund had no net earnings.

Where, as here, there is no breach of trust, no overreaching, no negligence, in the absence of a showing of profit or unjust enrichment, there is no equitable basis for the imposition of interest. (*Price* v. *Holman,* 135 N. Y. 124, 133; *Beard* v. *Beard,* 140 N. Y. 260, 266.) Plaintiff may not claim the interest or other earnings of the fund without demonstrating that the amount thereof exceeds the expenses necessarily incurred to preserve the dividend fund. The record establishes the contrary.

The order should be reversed, on the law, and defendant-appellant's motion for summary judgment dismissing the amended complaint granted, with costs to appellant.

STEUER, J. P., TILZER, RABIN and McGIVERN, JJ., concur.

Order entered February 25, 1966 unanimously reversed, on the law, with $50 costs and disbursements to appellant, and defendant's motion for summary judgment dismissing the amended complaint granted, with $10 costs.