OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Clearly and explicitly CPL 710.60 (subd 4) requires ("the court * * *
 
 must
 
 conduct”) that a hearing be held and findings essential to a suppression motion be made whenever the court does not determine the motion pursuant to subdivisions 2 or 3. Subdivision 2 mandates a summary grant when the People concede the facts or stipulate not to use the evidence, neither of which is here true. Subdivision 3 permits a summary denial if the motion papers do not set forth a legal basis for the motion or the facts alleged do not support the ground advanced, but expressly provides that the absence of factual basis does not permit denial of a motion to suppress a statement claimed to have been involuntarily made to a law enforcement official. Thus, in the latter case there
 
 must
 
 be a hearing whenever defendant claims his statement was involuntary no matter what facts he puts forth in support of that claim.
 

 The reason for requiring a hearing in the latter case is, no doubt, that to do otherwise would be to shift the burden of proof of voluntariness from the People to the defendant. But the fact that the People have that burden does not mandate the conclusion that to obtain a hearing on voluntariness they should have to do more than refuse to concede the truth of facts alleged by defendant for a hearing to be held. Here the People’s affidavit expressly stated that "the allegations surrounding the statement are controverted.”
 

 People v Gruden
 
 (42 NY2d 214) does not require that the People have done more, for as the Appellate Division noted and as we pointed out in
 
 People v Dean
 
 (45 NY2d 651, 656; see, also,
 
 People v Ciaccio,
 
 47 NY2d 431, 438), in
 
 Gruden
 
 (p 215) the People "did not dispute the facts alleged in the
 
 *1014
 
 defendants’ motion papers.” Indeed, in
 
 Dean
 
 an oral statement of opposition in the courtroom was held sufficient even though no papers or records in opposition were submitted. Here the paper filed by the People made clear their opposition. That was enough, but there was more. The prosecutor both advised the Trial Judge during a chambers conference what he proposed to prove and in open court informed the Judge that he could obtain the affidavit of the police officer-witness substantiating those facts within 15 minutes. It was, therefore, as the Appellate Division ruled, an error of law for the Trial Judge to grant the motion summarily.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.