■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY ARMSTEAD, Appellant. — Appeal by defendant from a judgment of the County Court, Westchester County (Brown, J.), rendered November 24, 1980, convicting him of robbery in the second degree, assault in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Appeal held in abeyance and matter remitted to the County Court, Westchester County, for a *Huntley* hearing in accordance herewith. A report after the hearing should be filed with all convenient speed. Prior to trial, defendant moved, *inter alia,* to suppress oral and written statements he made to the police on or about December 24, 1979 following his arrest, on the grounds they were involuntarily made and he was arrested without probable cause; he alternatively moved for a hearing to determine the voluntariness of those statements. The People opposed the motion on the grounds that there was probable cause to arrest the defendant since he had been seen by police officers

in the act of committing the crime, and was advised of his constitutional rights and acknowledged when making his written statements that such rights had been read to him. The court (Leggett, J.) denied the motion as to the suppression of the statements holding simply that defendant was arrested upon probable cause. This was error. As the Court of Appeals stated in *People v Weaver* (49 NY2d 1012, 1013), "there *must* be a hearing whenever defendant claims his statement was involuntary no matter what facts he puts forth in support of that claim". Therefore, under these circumstances the matter is remitted for a hearing to determine the voluntariness of defendant's statements *(People v Huntley,* 15 NY2d 72) and the appeal is held in abeyance pending a determination after the hearing. Mollen, P. J., Damiani, Titone and Mangano, JJ., concur.