OPINION OF THE COURT
David Goldstein, J.
This is an omnibus motion for multiple relief, inter alia, to inspect the Grand Jury minutes, dismiss the indictment and *543 to suppress physical property seized from defendant at the time of his arrest, namely, two firearms, a credit card and United States currency and further, to suppress a statement made by him after he was taken into custody, upon the ground that there was no lawful or legitimate basis for the initial stop of his vehicle. Since there was no basis for the stop, which was in violation of his constitutional rights, defendant claims that the statement and the property seized must be suppressed as the fruit of the poisonous tree.
The facts are undisputed. On March 1, 1994, at approximately 9:27 p.m., defendant was arrested at about Queens Boulevard and Cornish Avenue, in Queens County. At about that time, defendant was sitting in his parked van, across the street from a pool hall. Defendant was seated in the van, looking through binoculars, at a pool hall across the street. He claims he was looking for his girlfriend and, when he did not see her, he decided to drive away and, after signalling, pulled out of the parking space and drove one-half block, when he was pulled to the side of the road by a police officer. The stop resulted in a search, which disclosed a black bag, inside which the police officer discovered a .45 caliber United States Army semi-automatic firearm, a .38 caliber Smith and Wesson, an American Express card and United States currency. According to defendant, prior to the stop, he committed no traffic violation or infraction, nor any other offense or crime. Inasmuch as there was no basis for the stop, he claims that it amounted to an unreasonable search and seizure, in violation of his constitutional rights.
The People do not, in any way, refute the factual allegations contained in defendant’s moving papers. While the prosecution claims that the defendant consented to the search, since he alerted the officer that he was in possession of guns in a black bag, the opposing papers do not in any way deal with or otherwise allege that there was any lawful basis for the initial stop. Rather, all that the prosecution does is offer a pro forma opposition, consenting to a hearing to determine any violation of defendant’s constitutional rights.
This, in my view, is insufficient and does not raise a factual issue so as to warrant or permit the conduct of a hearing. Although the People’s burden is minimal, on such a motion, there must, at the least, be some assertion or claim that there was some basis for the stop. In some manner, the People must put in issue the factual allegations made by defendant so as to require a hearing. They may not, as they have attempted to *544 do here, say absolutely nothing, consent to the conduct of a variety of hearings and hope for the best, i.e., rely on the possibility that sufficient proof will be adduced to sustain the propriety of the stop. The least that one could expect is a denial of the factual allegations in the moving papers or even a claim that there was some legitimate basis for the stop. The failure to do either in this case is dispositive.
Our appellate courts have held that it is "fundamental” that a motion may be decided without the conduct of a hearing where the papers submitted do not raise a factual dispute on a material point and that this applies to a variety of motions, including motions to dismiss (CPL 210.45), motions to set aside a verdict (CPL 330.40), motions to vacate a judgment or to set aside a sentence (CPL 440.30) and motions to suppress (CPL 710.60), and "is the standard procedure to be followed in connection with nearly every pretrial and posttrial motion made in a criminal action.” (People v Gruden, 42 NY2d 214, 216; see also, People v Mendoza, 82 NY2d 415, 426; People v Weaver, 49 NY2d 1012, 1013-1014; People v Dean, 45 NY2d 651, 656.)
In the present case, the People have made no attempt to refute or otherwise challenge the factual recitations in the moving papers that there was no lawful basis for the stop. While the prosecutor claimed, in most general fashion, in open court, that there was no violation of constitutional rights, this was done only after the inadequacy of the opposition papers was ruled on by the court in chambers, with both counsel in attendance and after both had been heard in a full exploration of the issue. In my view, this was an improper attempt by the prosecutor to correct inadequate and incomplete papers which had been submitted and was done only after the court had advised both sides that it would consider the motion on the merits but was inclined to grant suppression and that no hearing was needed. Plainly, this was an improper attempt to change what was submitted after the prosecutor was informed that his written opposition was insufficient and is a far different situation than the oral statement in opposition made on the record, in the courtroom, which the Court of Appeals held to be sufficient in People v Dean (supra; see also, People v Weaver, supra, 49 NY2d, at 1014).
Moreover, although not relied upon in disposing of the motion on the merits, the testimony of the police officer, under oath, before the Grand Jury, noticeably confirms the impropriety of the stop. According to the officer, he was driving *545 eastbound on Queens Boulevard when he noticed defendant sitting in his van, parked across the street from a pool hall, looking at the pool hall through a pair of binoculars. The officer stopped his vehicle, put it into reverse and backed up, looking in his rear-view mirror as defendant pulled away from the curb and attempted to go into the left lane of traffic. It was at this point that the officer pulled defendant over to the curb.
Under the circumstances presented on this record, it is clear that there is neither need nor basis for an evidentiary hearing in the absence of some claim that there was a lawful basis for the stop. As the Court of Appeals observed in People v Gruden (supra, 42 NY2d, at 216), "a party opposing a motion cannot arbitrarily demand a hearing to conduct a fishing expedition.” This is exactly what the prosecution seeks to do here. Nor may a hearing be sought to "force” a plea to a lesser charge, where, as here, there is no lawful basis for the stop and suppression must be directed as an appropriate remedy for the deprivation of defendant’s constitutional rights.
The recent determination by the Appellate Division, First Department, in People v Vasquez (200 AD2d 344), does not require a different result here, nor the direction of a hearing on the motion to suppress. In that case, the issue on appeal dealt with the adequacy of defendant’s allegations and pleadings in moving to suppress, the very same issue addressed by the Court of Appeals in its most recent determination in People v Mendoza (supra). As far as appears, the only question considered on the Vasquez appeal was whether defendant’s moving papers were sufficient to permit the direction of a Mapp/Dunaway hearing.
In contrast, the issue in the present case is whether summary disposition of defendant’s motion to suppress is appropriate, especially where, as here, defendant has made detailed factual allegations and the People have failed to raise any dispute on any material point. Under the circumstances, this failure is dispositive so as to require summary determination without a hearing.
Accordingly, upon the foregoing, defendant’s motion to suppress both the statement and the physical evidence is granted in all respects. In view of this determination, the court has not considered on the merits the balance of the relief requested by defendant in his omnibus motion.