Consumers Union of U.S., Inc., et al., Appellants-Respondents, v State of New York et al., Respondents-Appellants, et al., Respondents. Consumers Union of U.S., Inc., et al., Respondents, v State of New York et al., Appellants, et al., Defendants. [777 NYS2d 444]—

Order, Supreme Court, New York County (Ira Gammerman, J.), entered March 7, 2003, which granted defendants' motion pursuant to CPLR 3211 dismissing the complaint as to plaintiffs Multiple Sclerosis Society, New York City Chapter, Housing Works, Inc., Disabled in Action of Metropolitan New York, and New York Statewide Senior Action Council, Inc. for lack of standing and, as to the remaining plaintiffs for failure to state a cause of action, with leave to the remaining plaintiffs to serve an amended complaint within 30 days, and order, same court and Justice, entered October 2, 2003, which denied defendants' motion to dismiss the amended complaint pursuant to CPLR 3211, except insofar as the complaint asserted claims against individual members of defendant Empire HealthChoice, Inc.'s board of directors, unanimously affirmed, without costs.

In this action involving a challenge to the validity of chapter 1, § 8 of the Laws of 2002, which amended Insurance Law § 4301 (j) to permit defendant Empire HealthChoice, Inc., doing business as Empire Blue Cross and Blue Shield, to convert from a nonprofit type B charitable corporation to a for-profit provider of health services, the motion court correctly dismissed the causes of action alleged in the original complaint on the ground that none of those causes stated a legally cognizable claim for relief. The court also correctly found that the four aforementioned organizational plaintiffs lacked standing inasmuch as, even though two of them have some members who are Empire subscribers, they all failed to demonstrate that the interests they assert are germane to their purposes so as to warrant the court in finding that they are appropriate representatives of those interests (*see Society of Plastics Indus. v County of Suffolk*, 77 NY2d 761, 775 [1991]).

The amended complaint alleges that the Legislature, in enacting the legislation in issue, specifically granted the privilege of conversion to for-profit status to only one corporation licensed under Insurance Law article 43, such conversions otherwise being barred pursuant to Insurance Law § 4301 (j) (1), and thus acted in contravention of article III, § 17 of the New York Constitution, which prohibits the Legislature from passing a private or local bill "[g]ranting to any private corporation, association or individual any exclusive privilege, immunity or franchise

whatever.'' While defendants maintain that the challenged enactment does not fall within the intended scope of this apparently categorical prohibition, and that an exclusive legislative grant of privilege to Empire was appropriate under the circumstances, we find that, notwithstanding the presumption of validity attending legislative enactments, the language of the constitutional prohibition at issue, which, at least facially, provides no support for the exception advocated by defendants, as well as case law regarding statutes specifically intended to benefit one party and not possessing general applicability (*see generally Grumet v Cuomo*, 90 NY2d 57 [1997]; *Fox v Mohawk & Hudson Riv. Humane Socy.*, 165 NY 517 [1901]), warrant the denial of defendants' motion to dismiss the amended complaint pursuant to CPLR 3211.

We have considered the parties' other arguments for affirmative relief and find them unpersuasive. Concur—Tom, J.P., Andrias, Saxe, Ellerin and Marlow, JJ.