■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM ORTIZ, Appellant. [784 NYS2d 230]—

Peters, J. Appeal from a judgment of the County Court of Greene County (Lalor, J.), rendered April 23, 2002, upon a verdict convicting defendant of the crimes of burglary in the first degree, burglary in the second degree, grand larceny in the fourth degree and endangering the welfare of a child.

A 10-count indictment charged defendant with various crimes arising out of his unlawful entry into the Dedrick family residence, restraint of three members of the family, and threat to kill them if Christine Dedrick did not leave with him. He was also charged with stealing a vehicle and abducting Dedrick.

Defendant was taken into custody on June 8, 2001 by agents of the Federal Bureau of Investigation in Florida. Eleven days after being interviewed at a local sheriff's office in Florida, a summary of the interview, including statements made by defendant, was dictated. According to that document, defendant was advised of his rights, stated that he wanted to have an attorney present, and later sought to reinitiate the interview process without counsel. Defendant thereafter made numerous inculpatory statements, including an admission that he had tied up Dedrick's father and sister and traveled to Florida with Dedrick.

Counsel for defendant filed pretrial motions which included a request for a hearing to have the inculpatory statements suppressed. In support of the motion, counsel asserted that New York law does not permit an individual to waive the right to an attorney once such right has been asserted unless a waiver takes

place in the presence of, and with the advice of, counsel. Counsel also contended that the statement should be not admissible "for any purpose whatsoever." The People consented to the suppression.

At trial, the victims and numerous other witnesses testified. When defendant sought to testify on his own behalf, the People contended that the Florida statements could be used on cross-examination. Despite defense counsel's argument that the statements were precluded for all purposes, County Court ruled, without a hearing, that the statements could be used for impeachment. Defendant testified and the prior statements were utilized. After lengthy deliberation, the jury found defendant guilty of burglary in the first and second degrees, grand larceny in the fourth degree, and endangering the welfare of a child. He was sentenced to concurrent prison terms, the longest of which was 22 years for the first degree burglary conviction.

On appeal, defendant raises numerous issues, of which only one merits extended discussion. He contends that County Court erred in permitting the People to use his prior suppressed statements during cross-examination. We agree. County Court granted defendant's motion to suppress his statements pursuant to CPL 710.60 (2) (b); thus, a hearing was rendered unnecessary (*see People v Weaver*, 49 NY2d 1012, 1013 [1980]). With the need for defendant to pursue a hearing obviated, the People must be prevented from "subsequently changing course and using defendant's statements after the passage of time may have made evidence unavailable or witness's memories less reliable" (*People v White*, 73 NY2d 468, 476 [1989], *cert denied* 493 US 859 [1989]; *compare People v Mullen*, 152 AD2d 260 [1989]).

Having determined that County Court improperly permitted the use of defendant's statements, we must next examine whether this admission was harmless error (*see People v Crimmins*, 36 NY2d 230 [1975]), to wit, whether there is "no reasonable possibility that the erroneously admitted evidence contributed to the conviction" (*People v Hamlin*, 71 NY2d 750, 756 [1988]). In making this determination, two discrete factors are considered: "(1) the quantum and nature of the evidence against defendant if the error is excised and (2) the causal effect the error may nevertheless have had on the jury" (*id.* at 756). Several witnesses testified that defendant entered and remained unlawfully in the Dedrick home with intent to commit a crime therein. Evidence further established that defendant did not have permission to take the family's vehicle. Considering that the quantum and nature of the evidence was overwhelming and that the use of defendant's statements was circumscribed, we

find no "significant probability . . . that the jury would have acquitted the defendant had it not been for the error" (*People v Crimmins, supra* at 242). Accordingly, we find the error harmless.

Having considered and rejected defendant's additional ascriptions of error, we now turn to the matter of sentence. Defendant, on parole at the time that he committed these crimes, has a lengthy criminal record. With the sentences falling within the legal limit and there being no extraordinary circumstances which could cause us to interfere with the term imposed (*see People v Love*, 307 AD2d 528, 533 [2003], *lv denied* 100 NY2d 643 [2003]), we affirm.

Mercure, J.P., Crew III, Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.