Matter of T.J.O. (2006 NY Slip Op 26303)

Matter of T.J.O.

2006 NY Slip Op 26303 [13 Misc 3d 401]

July 21, 2006

Warren, J.

Family Court, Rockland County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, October 18, 2006

[*1]
In the Matter of T.J.O., a Person Alleged to be a Juvenile Delinquent, Respondent.
Family Court, Rockland County, July 21, 2006

APPEARANCES OF COUNSEL

James J. Sexton, New City, Law Guardian, for respondent. Patricia Zugibe, County Attorney, New City (Elizabeth DiStefano of counsel), for petitioner.

OPINION OF THE COURT

William P. Warren, J.
On May 30, 2006, the presentment agency filed a petition alleging that the respondent engaged in the act of falsely reporting an incident in the second degree (Penal Law § 240.55), a class E felony. It was alleged that on March 9, 2006 he left a note in the bathroom at Nyack High School which said that a bomb would go off at 10 o'clock in the morning and that the school should be evacuated or people will die. On June 7, the respondent appeared before the court together with a law guardian and a denial was entered to the allegations in the petition.
On June 21, 2006, the respondent made a motion to suppress any alleged confessions, admissions and/or statements purportedly made by the respondent in connection with the issues set forth in the pending petition filed by the presentment agency, or in the alternative, directing that a hearing be held on the respondent's request to suppress certain alleged confessions, admissions and/or statements allegedly made by the respondent in connection with the issues set forth in the pending petition. The moving papers consisted of the notice of motion dated June 20, 2006, an affidavit of Thomas J. O'Grady sworn to the 20th day of June 2006 and the affirmation of James J. Sexton, law guardian for the respondent.
The presentment agency filed a response to the notice of motion in the form of an unsworn, unaffirmed statement which read as follows: "This attorney consents to a suppression hearing before trial regarding the admissions made to school officials in the presence of P.O. Mahoney at Nyack High School."
The statement also indicated that the attorney intended to produce at trial students from the high school who independently were told by the respondent that he wrote the note about the bomb threat.
Family Court Act § 330.2 provides that a respondent in a juvenile delinquency proceeding may make a motion to suppress evidence in accordance with sections 710.20 and 710.60 of the Criminal Procedure Law. Criminal Procedure Law § 710.20 provides:
"Upon motion of a defendant who (a) is aggrieved by unlawful or improper acquisition of evidence and has reasonable cause to believe that such may be offered against him in a criminal action, or (b) claims that improper identification testimony may be offered against him in a criminal action, a court may, under circumstances prescribed in this article, order that such evidence be suppressed or excluded upon the ground that it: . . .
[*2]
"3. Consists of a record or potential testimony reciting or describing a statement of such defendant involuntarily made, within the meaning of section 60.45."
Criminal Procedure Law § 710.60 sets forth the procedure to be followed by a respondent/defendant who is seeking to suppress evidence. It provides, in pertinent part, as follows:
"1. A motion to suppress evidence made before trial must be in writing and upon reasonable notice to the people and with opportunity to be heard. The motion papers must state the ground or grounds of the motion and must contain sworn allegations of fact, whether of the defendant or of another person or persons, supporting such grounds. Such allegations may be based upon personal knowledge of the deponent or upon information and belief, provided that in the latter event the sources of such information and the grounds of such belief are stated. The people may file with the court, and in such case must serve a copy thereof upon the defendant or his counsel, an answer denying or admitting any or all of the allegations of the moving papers.
"2. The court must summarily grant the motion if:
"(a) The motion papers comply with the requirements of subdivision one and the people concede the truth of allegations of fact therein which support the motion; or
"(b) The people stipulate that the evidence sought to be suppressed will not be offered in evidence in any criminal action or proceeding against the defendant . . .
"6. Regardless of whether a hearing was conducted, the court, upon determining the motion, must set forth on the record its findings of fact, its conclusions of law and the reasons for its determination."
In 1977, the Court of Appeals decided the matter of People v Gruden (42 NY2d 214 [1977]). In the cases before the Court of Appeals, the defendants had moved to dismiss indictments on speedy trial grounds claiming that the People were not ready for trial within six months of the commencement of the criminal action. The People did not dispute the facts alleged in the defendants' motion papers. They merely consented to a hearing.
In the decision, Judge Wachtler noted that Criminal Procedure Law § 210.45 (4) (c) provides that the court must grant the motion without conducting a hearing if the sworn allegations of fact essential to support the motion are either conceded to be true or are conclusively substantiated by unquestionable documentary proof. The People had not raised any issue of fact in their answering papers and the lower court had stated that this was tantamount to a concession on their part as to the truth of the allegations in the moving papers.
In its discussion of the case, the Court of Appeals noted that the procedure it was dealing with involving a motion to dismiss for a claimed failure to comply with speedy trial requirements [*3]was essentially the same procedure which applies with other motions in criminal proceedings. The Court stated:
"It should be noted that this statutory procedure is not peculiar to motions to dismiss. The same standard applies in those sections dealing with motions to suppress (CPL 710.60, subd 2, par [b]), motions to set aside a verdict (CPL 330.40, subd 2, par [d]) and motions to vacate a judgment or set aside a sentence (CPL 440.30, subd 3, par [c]). In short, it is the standard procedure to be followed in connection with nearly every pretrial and posttrial motion made in a criminal action." (People v Gruden, 42 NY2d 214, 216.)
Several years later in People v Weaver (49 NY2d 1012 [1980]), the Court of Appeals held that the People's responsibility in opposing a motion to suppress a statement is met if they merely refuse to concede the truth of the facts alleged by the defendant. The Court noted that the People's affidavit expressly stated that the allegations surrounding the statements are controverted. (People v Weaver, 49 NY2d 1012 [1980].)
In 1994, Justice Goldstein, Supreme Court, Queens County, Criminal Term, determined a motion to suppress physical property. In his decision, he noted that "all that the prosecution does is offer a pro forma opposition, consenting to a hearing to determine any violation of defendant's constitutional rights." (People v Min Chi Ma, 161 Misc 2d 542, 543 [1994].) The Justice went on to state:
"This, in my view, is insufficient and does not raise a factual issue so as to warrant or permit the conduct of a hearing. Although the People's burden is minimal, on such a motion, there must, at the least, be some assertion or claim that there was some basis for the stop. In some manner, the People must put in issue the factual allegations made by defendant so as to require a hearing. They may not, as they have attempted to do here, say absolutely nothing, consent to the conduct of a variety of hearings and hope for the best, i.e., rely on the possibility that sufficient proof will be adduced to sustain the propriety of the stop. The least that one could expect is a denial of the factual allegations in the moving papers or even a claim that there was some legitimate basis for the stop. The failure to do either in this case is dispositive." (People v Min Chi Ma, 161 Misc 2d at 543-544.)
Justice Finnegan of the Criminal Court of the City of New York, Queens County, in People v Brownridge (120 Misc 2d 1028, 1032 [1983]), in reviewing People v Weaver (49 NY2d 1012 [1980]), noted that there is a "scant burden" placed upon the People to avoid the application of the summary relief sections pursuant to CPL 710.60 (2), (3). All the People need to do is to deny the allegations made by the defendant in his affidavit or refuse to concede the truth of the alleged facts. However, merely standing silent does not meet that minimal burden. (People v Brownridge, supra.)
In the instant case, the affidavit of the respondent contains sworn allegations that include [*4]the claim that a police officer and four school officials questioned him in a school conference room for 20 minutes. At one point, he asked to leave to go to in-school suspension rather than continue to be questioned, and the officer and a school official said "you're not going anywhere." Respondent states that he was never advised of a right to call a parent and was never asked if he wanted to call a parent.
The affidavit claims that the police officer and others told the respondent if he admitted responsibility for the threat that the most punishment he would receive would be a suspension from school. Were it not for that inducement, the respondent would not have signed the statement. The respondent states that he was never advised of his right not to make a statement, his right to contact parents and have them with him, or his right to have an attorney present.
In response to these claims, the presentment agency states merely that it consents to a hearing. Under the case law as previously set forth, this is insufficient to defeat the motion and require a hearing.
Family Court Act § 305.2 states:
"1. For purposes of this section, the word 'officer' means a peace officer or a police officer . . .
"3. If an officer takes such child into custody or if a child is delivered to him under section 305.1, he shall immediately notify the parent or other person legally responsible for the child's care, or if such legally responsible person is unavailable the person with whom the child resides, that the child has been taken into custody.
"4. After making every reasonable effort to give notice on the subdivision three, the officer shall:
"(a) release the child to the custody of his parents or other person legally responsible for his care upon the issuance in accordance with section 307.1 of a family court appearance ticket to the child and the person to whose custody the child is released; or
"(b) forthwith and with all reasonable speed take the child directly, and without his first being taken to the police station house, to the family court located in the county in which the act occasioning the taking into custody allegedly was committed, unless the officer determines that it is necessary to question the child, in which case he may take the child to a facility designated by the chief administrator of the courts as a suitable place for the questioning of children or, upon the consent of a parent or other person legally responsible for the care of the child, to the child's residence and there question him for a reasonable period of time; or
"(c) take the child to a place certified by the state division for youth as a juvenile detention facility for the reception of children . . .
[*5]
"7. A child shall not be questioned pursuant to this section unless he and a person required to be notified pursuant to subdivision three if present, have been advised:
"(a) of the child's right to remain silent;
"(b) that the statements made by the child may be used in a court of law;
"(c) of the child's right to have an attorney present at such questioning; and
"(d) of the child's right to have an attorney provided for him without charge if he is indigent."
In light of the noncontroverted facts set forth by the respondent, it is found that no notification was given to respondent's parents or attempted to be given by Police Officer Mahoney prior to obtaining a statement from the respondent. It is also found that under all the circumstances set forth that the police officer engaged in custodial questioning of the respondent since the circumstances under which the questioning occurred would lead a reasonable juvenile to conclude that he was not free to leave and was in custody. It is also found that the respondent was not advised of any of the rights that he is statutorily entitled to pursuant to the provisions of Family Court Act § 305.2 (7).
Based upon all of the foregoing, the motion to suppress the statements made by the respondent on March 9, 2006 in connection with this pending petition is hereby granted.