| |
|---|
| **People v Moore** |
| 2023 NY Slip Op 34715(U) |
| June 30, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-70836-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |



FILED

JUN 3 0 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

FILED
AND
ENTERED
ON 6-30- 2023
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -                                    DECISION AND ORDER

REESE MOORE,                                   Ind. No. 23-70836-001

                              Defendant.
-------------------------------------------------------------------X

NEARY, J.

The defendant, Reese Moore, has been charged with the crimes of

Attempted Robbery in the First Degree (three counts), Attempted Robbery in the Second Degree,

Attempted Assault in the First Degree (two counts), Assault in the Second Degree (two counts)

and Criminal Possession of a Weapon in the Third Degree. The defendant has made an omnibus

motion which consists of a Notice of Motion and an Affirmation and Memorandum of Law in

support thereof. In response, the People have filed an Affirmation in Opposition together with a

Memorandum of Law. Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

1. and 2.     MOTION TO INSPECT AND DISMISS OR REDUCE CHARGES IN THE INDICTMENT and MOTION TO INSPECT AND RELEASE GRAND JURY MINUTES TRANSCRIBED IN THIS CASE

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (See *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles*, 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

3.   MOTION TO SUPPRESS STATEMENTS ALLEGED OBTAINED FROM THE DEFENDANT PURSUANT TO CPL SECTION 710.20(3) OR IN THE ALTERNATIVE GRANTING A HEARING TO DETERMINE THEIR ADMISSIBILITY

This branch of the defendant's motion is granted to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the defendant, which have been noticed by the People pursuant to CPL §710.30 (1)(a), were involuntarily made by the defendant within the meaning of CPL §60.45 (see CPL §710.20(3), CPL §710.60[3][b]; *People v. Weaver*, 49 NY2d 1012, 429 NYS2d 399, 406 NE2d 1335), obtained in violation of defendant's Sixth Amendment right to counsel, and/or obtained in violation of the defendant's Fourth Amendment rights (see *Dunaway v. New York*, 442 US 200, 99 S. Ct. 2248, 60 LE2d 824).

4.   MOTION TO SUPPRESS ANY AND ALL TESTIMONY REGARDING ANY IDENTIFICATIONS OF THE DEFENDANT AND ANY OTHER TANGIBLE OR TESTIMONIAL FRUITS OF THE ILLEGAL SEIZURE AND SEARCH OF THE DEFENDANT OR IN THE ALTERNATIVE DIRECTING A *WADE/DUNAWAY* HEARING PURSUANT TO CPL SECTIONS 710.(20(6) AND 710.60

This motion is granted to the limited extent of conducting a hearing prior to trial to determine whether or not the noticed identifications are unduly suggestive. [See *United States v. Wade*, 388 US 218, 87 S Ct. 1926, 18 LE2d 1149]. Specifically, the Court shall determine whether the identifications were so improperly suggestive as to taint any in-court identification. In the event the identifications are found to be unduly suggestive, the Court shall then go on to

[* 3]

consider whether the People have proven by clear and convincing evidence that an independent source exists for such witness' proposed in-court identification.

The hearing will also address whether any identifying witness had a prior familiarity with either defendant, the basis of which would render that witness impervious to suggestion with respect to any identification procedure. [See *People v. Rodriguez*, 79 NY2d 445].

As to any viewing of surveillance videos depicting portions of the crime in progress, the motion to suppress is denied as such viewings do not constitute identification procedures within the meaning of CPL 710.30. No selection process is involved and the identifying witness was present in the video. [See *People v. Gee*, 99 NY2d 158]. This is not the type of procedure which is subject to suppression.

5.    <u>MOTION TO GRANT A SEVERANCE OF COUNTS EIGHT THROUGH TEN OF THE INDICTMENT FROM COUNTS ONE THROUGH SEVEN</u>

The defendant moves to sever the counts related to each of the two underlying incidents contained in the instant indictment. The Court finds that the counts were properly joined pursuant to CPL §200.20(2)(c) which authorizes joinder of charges that are based upon different criminal transactions when those charges are defined by the same or similar statutory provisions and consequently are the same or similar in law. Moreover ". . . a strong public policy favors joinder, because it expedites the judicial process, reduces court congestion, and avoids the necessity of recalling witnesses . . . ." [See *People v. Mahboubian*, 74 NY2d 174, 183].

[* 4]

The Court finds that the charges are properly joined and the defendant has not demonstrated that he would be unfairly prejudiced by a trial on all the joined charges. The defendant's motion is, therefore, denied.

6. MOTION FOR A PRE-TRIAL "VOLUNTARINESS HEARING" TO DETERMINE THE VOLUNTARINESS OF UNNOTICED STATEMENTS MADE BY THE DEFENDANT TO POLICE OFFICERS THAT THE PEOPLE INTEND TO USE ON CROSS-EXAMINATION PURSUANT TO CPL SECTIONS 60.45 AND 710.20(3) AND DIRECTING THE PEOPLE TO DISCLOSE TO THE DEFENDANT THE CONTENT OF ALL SUCH STATEMENTS PRIOR TO HOLDING THE PRE-TRIAL VOLUNTARINESS HEARING

The defendant's motion is denied as speculative and premature.

7. MOTION TO PRECLUDE EVIDENCE NOT NOTICED PURSUANT TO CPL SECTION 710.30(3)

The defendant's motion is denied as speculative and premature.

8. MOTION TO PRECLUDE THE DISTRICT ATTORNEY FROM INTRODUCING AT TRIAL EVIDENCE OF THE DEFENDANT'S PRIOR CONVICTIONS OR BAD ACTS PURSUANT TO *PEOPLE V. SANDOVAL* AND ITS PROGENCY *PEOPLE V. MOLINEUX* OR IN THE ALTERNATIVE GRANTING A HEARING

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge

*People v. Reese Moore*
Indictment No. 23-70836-001

and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant.  Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial.  [See *People v. Sandoval*, 34 NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

9.    MOTION TO RESERVE DEFENDANT'S RIGHT TO MAKE ADDITION MOTION AS NECESSARY

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

This constitutes the opinion, decision and order of this Court.

Dated: White Plains, New York
       June 30, 2023

_____
        ROBERT A. NEARY
     SUPREME COURT JUSTICE

Elizabeth H. Shumejda
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
eshumejda@westchesterda.net

David C. Hymen, Esq.
Attorney for Defendant Reese Moore
Office of Clare J. Degnan, Esq.
Legal Aid Society
150 Grand Street, Suite 100
White Plains, New York  10601
dhymen@laswest.org