| People v Kelley |
| :---: |
| 2023 NY Slip Op 34726(U) |
| October 17, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-71894-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
AND
ENTERED
ON 10 - 17 - 20 23
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

- against -                                        DECISION AND ORDER

TEVIN KELLEY,                                      Ind. No. 23-71894-001

                                    Defendant.
-------------------------------------------------------------------X

NEARY, J.

        The defendant, Tevin Kelley, has been charged with the crimes of Attempted

Murder in the Second Degree, Assault in the First Degree, Criminal Possession of a Weapon in

the Second Degree and Criminal Possession of a Weapon in the Third Degree. The defendant

has made an omnibus motion which consists of a Notice of Motion and an Affirmation and

Memorandum of Law in Support thereof. In response, the People have filed an Affirmation in



FILED
OCT 17 2023
TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

Opposition together with a Memorandum of Law. Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

A.   MOTION TO INSPECT THE GRAND JURY MINUTES AND TO DISMISS OR REDUCE EACH COUNT OF THE INDICTMENT AS NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE PURSUANT TO CPL 210.20(1)(B) AND 210.30

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (see *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter.

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

[* 2]

B.   MOTION TO SUPPRESS FROM USE AS EVIDENCE AT ANY TRIAL, CERTAIN STATEMENTS NOTICED BY THE PEOPLE ALLEGED TO HAVE BEEN MADE BY THE DEFENDANT OR IN THE ALTERNATIVE FOR A *HUNTLEY* HEARING PURSUANT TO CPL ARTICLE 710

This branch of the defendant's motion is granted to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the defendant, which have been noticed by the People pursuant to CPL §710.30 (1)(a), were involuntarily made by the defendant within the meaning of CPL §60.45 (see CPL §710.20(3), CPL §710.60[3][b]; *People v. Weaver*, 49 NY2d 1012, 429 NYS2d 399, 406 NE2d 1335), obtained in violation of defendant's Sixth Amendment right to counsel.

C.   MOTION TO SUPPRESS FROM USE AS EVIDENCE AT ANY TRIAL, PRE-TRIAL IDENTIFICATIONS OF THE DEFENDANT NOTICED BY THE PEOPLE OR IN THE ALTERNATIVE FOR A *WADE* HEARING PURSUANT TO CPL ARTICLE 710

This motion is granted to the limited extent of conducting a hearing prior to trial to determine whether or not the noticed identifications made as a result of a viewing of a photographic array were unduly suggestive. [See *United States v. Wade*, 388 US 218, 87 S Ct. 1926, 18 LE2d 1149]. Specifically, the Court shall determine whether the identifications were so improperly suggestive as to taint any in-court identification. In the event the identifications are found to be unduly suggestive, the Court shall then go on to consider whether the People have proven by clear and convincing evidence that an independent source exists for such witness' proposed in-court identification.

With respect to the viewing by detectives, the motion is denied. The evidence before the Grand Jury establishes that those noticed identifications were not, in fact, the type of procedures which are subject to suppression. The viewing of video footage and still photographs of the crime in progress are merely confirmatory and did not involve any type of selection process. Suggestiveness is not an issue in such situations. [See *People v. Moreno*, 148 AD3d 827; *People . Deverow*, 153 AD3d 550].

In addition, the evidence before the Grand Jury establishes the subject of the witness' familiarity with the defendant. When the People oppose a *Wade* hearing because the parties are known to each other, a court is permitted to consider the Grand Jury Testimony. [See *People v. Rodriguez*, 47 AD3d 417, 849 NYS2d 232 (1s Dept. 2008); *People v. Rumph*, 28 AD2d 142, 670 NYS2d 69 (1st Dept. 1998); *People v. Won*, 208 AD2d 393, 617 NYS2d 161 (1st Dept. 1994). In this case, the witness' testimony before the Grand Jury established that the defendant was very well known to them. The record is clear that the identifying witness had a prior familiarity with the defendant, the basis of which would render the witness impervious to suggestion with respect to any identification procedure. [See *People v. Rodriguez*, 79 NY2d 445]. The motion to suppress is, therefore, denied.

[* 4]

D.     MOTION FOR A *SANDOVAL/VENTIMIGLIA* HEARING TO DETERMINE THE ADMISSIBILITY OF ANY PRIOR CRIMINAL OR BAD ACTS FOR USE BY THE PEOPLE ON THEIR DIRECT CASE OR DURING THE CROSS EXAMINATION OF THE DEFENDANT

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34 NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

E.     MOTION TO RESERVE THE RIGHT TO MAKE FURTHER MOTION PURSUANT TO CPL 255.20(2) AND (3)

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

[* 5]

This constitutes the opinion, decision and order of this Court.


Dated: White Plains, New York
       October 17, 2023

                                                ROBERT A. NEARY
                                    SUPREME COURT JUSTICE

Elizabeth H. Shumejda
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
eshumejda@westchesterda.net

Richard L. Ferrante, Esq.
Attorney for Defendant
399 Knollwood Road, Suite 111
White Plains, New York  10603
ferrantelaw99@gmail.com

[* 6]