| |
|---|
| **People v Suqui** |
| 2023 NY Slip Op 34725(U) |
| November 9, 2023 |
| Supreme Court, Westchester County |
| Docket Number: Ind. No. 23-71854-001 |
| Judge: Robert A. Neary |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

FILED
AND
ENTERED
ON 11 - 9 - 2023
WESTCHESTER
COUNTY CLERK

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF WESTCHESTER
-------------------------------------------------------------------X
THE PEOPLE OF THE STATE OF NEW YORK

               - against -

CARLOS SUQUI,

                    Defendant.
-------------------------------------------------------------------X

NEARY, J.

DECISION AND ORDER

Ind. No. 23-71854-001

      The defendant, Carlos Suqui, has been charged with the crimes of Driving While Intoxicated as a felony (Vehicle and Traffic Law §1192[3]), Aggravated Unlicensed Operation of a Motor Vehicle in the First Degree (Vehicle and Traffic Law §511[3][a][i]), Failure to Signal a Turn (Vehicle and Traffic Law §1163[b]), Moved from Lane Unsafely/Driving on Roadways Laned for Traffic (Vehicle and Traffic Law §1128[a]), Failure to Stop While Facing a Steady Circular Red Signal (Vehicle and Traffic Law §1111[d][1]) and Driving Without a License



NOV - 9 2023

TIMOTHY C. IDONI
COUNTY CLERK
COUNTY OF WESTCHESTER

(Vehicle and Traffic Law §509[1]). The defendant has made an omnibus motion which consists of a Notice of Motion and an Affirmation and Memorandum of Law in support thereof. In response, the People have filed an Affirmation in Opposition together with a Memorandum of Law. Having read all of the submitted papers and reviewed the court file, this Court makes the following determination.

1.    MOTION FOR INSPECTION AND REDUCTION OR DISMISSAL OF THE INDICTMENT PURSUANT TO CPL SECTIONS 210.20 AND 210.30 DUE TO THE LEGAL INSUFFICIENCY OF THE PROOF SUBMITTED TO THE GRAND JURY

The defendant's motion to inspect the Grand Jury minutes is granted. Upon an *in camera* inspection of the Grand Jury minutes by Court, the motion to dismiss the indictment or reduce a charged offense in the indictment is denied.

The Court has reviewed the minutes of the proceeding before the Grand Jury. The Grand Jury was properly instructed (see *People v. Calbud*, 49 NY2d 389, 426 NYS2d 389, 402 NE2d 1140 and *People v. Valles,* 62 NY2d 36, 476 NYS2d 50, 464 NE2d 418) and the evidence presented, if accepted as true would be legally sufficient to establish every element of the offenses charged. [See CPL §210.30(2)]. In addition, the minutes reveal that a quorum of the grand jurors was present during the presentation of evidence and at the time the district attorney instructed the Grand Jury on the law, and that it was instructed that only those grand jurors who had heard all the evidence could participate in voting on the matter. .

The Court does not find that the release of the Grand Jury minutes or certain portions thereof to the parties was necessary to assist the Court in making this determination.

2.    MOTION FOR A *SANDOVAL/VENTIMIGLIA* HEARING REQUIRING THE
      DISTRICT ATTORNEY TO DISCLOSE ANY PRIOR CONVICTIONS, VICIOUS
      ACTS OR IMMORAL ACTS OF THE DEFENDANT WHICH THE DISTRICT
      ATTORNEY INTENDS TO QUESTION THE DEFENDANT ABOUT AND
      ORDERING THAT A HEARING BE HELD BEFORE THE TRIAL JUDGE AS TO
      WHETHER THE DISTRICT ATTORNEY SHOULD BE ENJOINED FROM
      QUESTIONING THE DEFENDANT AS TO SUCH PRIOR CONVICTIONS OR ACTS

Immediately prior to commencement of jury selection, the prosecutor shall, upon request of the defendant, notify the defendant of any prior criminal act which the People seek to use in the cross-examination of the defendant as well as all specific instances of the defendant's prior uncharged criminal, vicious or immoral conduct of which the prosecutor has knowledge and which the prosecutor intends to use at trial for the purposes of impeaching the credibility of the defendant. Thereafter, upon the defendant's request, the trial court shall conduct a *Sandoval* and/or *Ventimiglia* hearing prior to the commencement of trial. [See *People v. Sandoval*, 34 NY2d 371 (1974); *People v. Ventimiglia*, 52 NY2d 350 (1981); *People v. Molineux*, 168 NY 264 (1901)].

[* 3]

3. <u>MOTION TO STRIKE THE NOTICE OF INTENT TO OFFER A STATEMENT AS INSUFFICIENT AND WHICH VIOLATES THE RIGHTS OF DUE PROCESS OF LAW AND EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO CPL ARTICLE 710 OR MOTION FOR AN ORDER SUPPRESSING THE ALLEGED STATEMENT NOTICED TO THE DEFENSE AND ALL FRUITS OF SUCH STATEMENT, SINCE SUCH STATEMENT WAS INVOLUNTARY AND MADE WITHOUT PROPER ADVISE OR KNOWING WAIVER OF *MIRANDA* RIGHTS AND WAS THE PRODUCT OF AN UNLAWFUL ARREST AND MADE IN VIOLATION OF THE RIGHT TO COUNSEL PURSUANT TO CPL ARTICLE 710 AND SECTION 60.45 OR IN THE ALTERNATIVE FOR A *HUNTLEY* HEARING TO DETERMINE THE ADMISSIBLITY OF ANY STATEMENTS MADE</u>

This branch of the defendant's motion is granted to the extent that a *Huntley* hearing shall be held prior to trial to determine whether any statements allegedly made by the defendant, which have been noticed by the People pursuant to CPL §710.30 (1)(a), were involuntarily made by the defendant within the meaning of CPL §60.45 (see CPL §710.20(3), CPL §710.60[3][b]; *People v. Weaver*, 49 NY2d 1012, 429 NYS2d 399, 406 NE2d 1335), obtained in violation of defendant's Sixth Amendment right to counsel, and/or obtained in violation of the defendant's Fourth Amendment rights (see *Dunaway v. New York*, 442 US 200, 99 S. Ct. 2248, 60 LE2d 824).

4. <u>MOTION TO SUPPRESS PHYSICAL EVIDENCE, INCLUDING EVIDENCE OF OBSERVATIONS OF FIELD SOBRIETY TESTS, AS THE FRUITS OF AN ILLEGAL SEIZURE</u>

This branch of the defendant's motion is granted solely to the extent of conducting a *Mapp* hearing prior to trial to determine the propriety of any search resulting in the seizure of property (see *Mapp v. Ohio*, 367 US 643, 81 S Ct. 1684, 6 LE2d 1081) and whether

any evidence was obtained in violation of the defendant's Sixth Amendment right to counsel and/or obtained in violation of the defendant's Fourth Amendment rights. [See *Dunaway v. New York*, 42 US 200, 99 S Ct. 2248, 60LE2d 824].

5. <u>MOTION TO SUPPRESS ALLEGED REFUSAL TO SUBMIT TO A CHEMICAL TEST OF DEFENDANT'S BREATH PURSUANT TO VEHICLE AND TRAFFIC LAW SECTION 1194(2)(F)</u>

The motion is granted to the extent that the Court will conduct a hearing immediately prior to trial to determine the admissibility of any refusal on the defendant's part, to submit to any chemical test.

6. <u>MOTION TO RESERVE THE RIGHT TO MAKE ADDITIONAL PRE-TRIAL MOTIONS</u>

Upon a proper showing, the Court will entertain appropriate additional motions based upon grounds of which the defendant could not, with due diligence, have been previously aware, or which, for other good cause, could not reasonably have been raised in this motion. [See CPL §255.20(3)].

*People v. Carlos Suqui*
Indictment No. 23-71854-001


This constitutes the opinion, decision and order of this Court.


Dated: White Plains, New York
      November 9, 2023

                                              ROBERT A. NEARY
                                     SUPREME COURT JUSTICE

Michael Ashraf
Assistant District Attorney
Westchester County
Office of the District Attorney
Richard J. Daronco Courthouse
111 Martin Luther King Blvd.
White Plains, New York 10601
MAshraf@westchesterda.net

Katie Wasserman, Esq.
Office of Clare J. Degnan, Eq.
Attorney for Defendant
Legal Aid Society
150 Grand Street, Suite 100
White Plains, New York  10601
kw@laswest.org